IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM FLORENCE | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | NO. 11-7571 |
| v. | : | |
| | : | RELATED TO |
| UNITED STATES OF AMERICA | : | No. 2:08-cr-697 |
| | : | |
| Respondent. | : | |

**OPINION**

Slomsky, J.                                                                                              January 23, 2013

**I.    INTRODUCTION**

Before the Court is the Motion of Petitioner William Florence ("Petitioner") under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct [a] Sentence by a Person in Federal Custody. (Doc. No. 156.)[1] Petitioner seeks relief based on a claim of ineffective assistance of counsel that allegedly caused a violation of his right to a speedy trial and on one other claim. (Id.)

For reasons that follow, the Court will deny Petitioner's Motion without an evidentiary hearing. In addition, a certificate of appealability will not be issued.

**II.   STATEMENT OF FACTS**

On October 23, 2008, Petitioner was arrested by federal agents and charged in a Complaint with distributing 100 grams or more of phencyclidine ("PCP") in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). (Doc. No. 160 at 1.) On October 29, 2008 Joseph Santaguida, Esquire entered his appearance in this Court on behalf of Petitioner. (Doc. No. 6.) On

---

[1] All docket entries cited in this Opinion refer to the related criminal case, No. 2:08-cr-697, in which Petitioner was sentenced and is now seeking to vacate, set aside or correct.

1

November 18, 2008, Petitioner was indicted by a grand jury and charged with conspiring to distribute 100 grams or more of PCP, with distributing 100 grams or more of PCP, and with possessing PCP with an intent to distribute. (Doc. No. 11.)

On December 5, 2008, the Court scheduled trial to begin on January 20, 2009. (Doc. No. 19.) On December 10, 2008, Petitioner filed a Motion seeking a trial continuance based on his counsel's unavailability and the prolonged nature of discovery in the case.[2] (Doc. No. 23.) On December 22, 2008, a hearing was held on the Motion and a continuance was granted. A new trial date of June 8, 2009 was set. (Doc. No. 31.) On January 7, 2009, an additional hearing was conducted confirming the June 8, 2009 trial date. (Docs. Nos. 35, 38.)

On January 13, 2009, the Court held a third hearing on Petitioner's Motion for Continuance of trial. (Doc. No. 40.) The Court moved the trial date up to April 1, 2009. (Doc. No. 44.) On February 6, 2009, Petitioner filed a Motion to Suppress Evidence. (Doc. No. 47.) On February 10, 2009, the Court entered an order for speedy trial purposes to exclude time due to the filing of the Motion to Suppress. (Doc. No. 48.) On March 25, 2009, the Court conducted a hearing on Petitioner's Motion to Suppress. (Doc. No. 54.) The next day, March 26, 2009, defense counsel, Joseph Santaguida, filed a Motion to Withdraw as Counsel stating that he and his client had "differing views on how to defend the charges" and that they were not able "to agree on a strategy for trial or on a plan to negotiate a non trial disposition." (Doc. No. 55; Doc. No. 160 at 3.) Also on March 26, 2009, Petitioner filed a Motion seeking a continuance of the trial. (Doc. No. 56.) On March 30, 2009, the Court ordered that the time between the filing of

---

[2]Six days later, or on December 16, 2008, Petitioner filed an Amended Motion for a continuance. (Doc. No. 24.)

these latter two motions and the hearing be excluded from the computation of speedy trial time. (Doc. No. 58.) Also on March 30, 2009 Petitioner filed a pro se Motion to Suppress Evidence. (Doc. No. 59.) On March 31, 2009, this Court granted the Motion for Continuance of the trial, and set a new trial date of June 29, 2009. (Doc. No. 63.) On April 3, 2009, the Court denied Petitioner's Motion to Suppress Evidence. (Doc. No. 67.)

On April 16, 2009, the Court granted Joseph Santaguida's Motion to Withdraw as counsel for Petitioner. (Doc. No. 72.) The Court then appointed the Federal Community Defender Office for the Eastern District of Pennsylvania ("Federal Defender") to represent Petitioner. (Doc. No. 73.) On April 23, 2009, Petitioner filed a pro se Motion for Inspection of Documents and Objects which was denied on May 13, 2009. (Docs. Nos. 76-78.) On June 9, 2009, a grand jury returned a superseding indictment charging Petitioner with an additional count of distribution of 100 grams or more of PCP. (Doc. No. 80.)

On June 11, 2009, this Court conducted a limited hearing in regard to a potential conflict of interest arising from the Federal Defender's representation of Petitioner.[3] (Doc. No. 82; Doc. No. 160 at 4.) The next day, Susan M. Lin, Esquire ("Lin") of the Federal Defender entered her appearance on behalf of Petitioner. (Doc. No. 83.) At a subsequent hearing held on June 23, 2009 on the potential conflict of interest, Petitioner waived any conflict and the Federal Defender remained as his counsel. (Doc. No. 90.) Also at the hearing, Petitioner orally moved for and was granted a speedy trial continuance. (Doc. No. 92.) The trial date was moved to July 20, 2009. (Id.)

---

[3] The Court appointed Elizabeth K. Ainslie, Esquire, to advise Petitioner on the conflict of interest matter. Ms. Ainslie did so and Petitioner agreed that the Federal Defender could represent him in this case.

A jury was selected on July 20, 2009. (Doc. No. 160 at 4.) On July 21, 2009, after the completion of jury selection but before opening statements, Petitioner entered an open guilty plea to all charges. (Id. at 4-5.) In speaking to Petitioner before the plea was entered, the Court asked: "Are you fully satisfied with your lawyers and their representation?" (Guilty Plea Hr'g Tr. 12:16-19 July 21, 2009.) Petitioner responded, "Yes, sir." (Id.)

At an October 21, 2009 sentencing hearing, Petitioner was sentenced to seventy-five months imprisonment, a five year term of supervised release, and ordered to pay a $500 special assessment. (Docs. Nos. 128, 129.) Petitioner then appealed to the Third Circuit Court of Appeals. His conviction and sentence was affirmed on appeal. (Doc. No. 147.) Thereafter, on February 10, 2012, Petitioner filed the instant 2255 Motion, alleging that prior counsel was ineffective and also that one of the attorneys doing substantial work on his case from the Federal Defender Office did not actually represent him. (Doc. No. 156 at 4-5.)

## III. STANDARD OF REVIEW

A prisoner in custody pursuant to a sentence imposed by a federal court who believes "that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C.§ 2255. The district court is given discretion in determining whether to hold an evidentiary hearing on a prisoner's motion under Section 2255. See Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the Court must decide whether the petitioner's claims, if proven, would entitle petitioner to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d.

Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under Section 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)). See also Forte, 865 F.2d at 62. For reasons outlined below, the Court finds an evidentiary hearing is not warranted because the record demonstrates that Petitioner is not entitled to the relief sought.

## IV. DISCUSSION

### A. Speedy Trial Act, 18 U.S.C. § 3161 et. seq.

Petitioner alleges that the Speedy Trial Act of 1974 (the "Act") was violated when he did not go to trial within seventy days after he was indicted. The Act provides that in "any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days" from the last date of: (1) the "filing date" of the information or indictment or (2) the defendant's initial appearance before a judicial officer (i.e., the arraignment). 18 U.S.C. § 3161(c)(1). If the seventy days are exceeded, the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). Such dismissal may be with or without prejudice at the court's discretion. Id.

There are a number of reasons for excluding periods of delay when computing the seventy day limit, including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). See United States v. Tinklenberg, 131 S. Ct. 2007, 2008 (2011) (holding that filing a pretrial motion falls within this exception irrespective of whether it actually causes, or is expected to cause, delay in starting a trial). The plain language of the statute excludes time between the filing and hearing of a motion. See Henderson v. United States, 476

5

U.S. 321, 327 (1986). Moreover, a district court may also toll the seventy day time limit through a continuance that is in the interest of justice. 18 U.S.C. § 3161(h)(7)(A). The district court's reasoning must be documented in the record of the case, either orally or in writing. Id. The court must weigh the need for a continuance against the countervailing public interest of a speedy trial. See Zedner v. United States, 547 U.S. 489, 506-507 (2006). In considering here the requirements and exclusions of the Speedy Trial Act as noted above, and applying them to the events that occurred in this case to the date of the entry of the guilty plea by Petitioner, the Court has concluded that there was no violation of the Speedy Trial Act and Petitioner's claim of ineffective assistance of counsel will be denied.

As noted above, in this case the Court held three hearings on Defendant's first two motions to continue trial. At the first two hearings, based upon the schedule of Defendant's retained counsel, the court set a trial date of June 8, 2009. At the third hearing on Defendant's motion to continue trial, the court moved the trial date to April 1, 2009 because Petitioner requested an earlier date of trial. The time between the filing of Defendant's Motion to Continue on December 10, 2008 to the trial date of April 1, 2009 is excludable time, extending the speedy trial date from January 27, 2009 to April 1, 2009.

The speedy trial date was also extended by Defendant's filing of a Motion to Suppress Evidence on February 6, 2009. A hearing was held on the Motion on March 25, 2009, the week before trial was scheduled to commence. Before this date, on February 10, 2009, the Court ordered a Speedy Trial exclusion of time from the date of the filing of the Motion to Suppress to the disposition of the Motion. (Doc. No. 48); see also 18 U.S.C. § 3161(h)(1)(D).

The April 1, 2009 Speedy Trial date was extended when Defendant filed on March 26,

2009, a third Motion to Continue the trial.  The day before, defense counsel Joseph Santaguida, Esquire, filed a Motion to Withdraw as counsel for Defendant.  On March 30, 2009, the Court ordered a Speedy Trial exclusion of time from the date of the filings of the motions to withdraw as counsel and to continue trial until the disposition of the motions.  (Doc. No. 58.)  The Motion to Withdraw was decided on April 16, 2009 when the Court granted the Motion and appointed the Federal Defender Community Office to represent Petitioner.  Finally, with respect to the Motion to Continue the trial, it was granted on March 31, 2009 and trial was rescheduled for June 29, 2009.

Thereafter, Defendant filed a Motion on April 23, 2009 to inspect documents and objects, which was ruled on by the Court on May 13, 2009.  On June 22, 2009, Defendant signed a speedy trial waiver which stated that he did not oppose the continuance of his trial and understood that the time between the filing of a Motion to continue and the new trial date is excludable time under the Speedy Trial Act.  (Doc. No. 91-1.)  On June 23, 2009, yet another Motion to Continue Trial was filed, which was granted on June 29, 2009.  A new trial date was set for July 20, 2009.  On that date a jury was selected.  The next day, on July 21, 2009, Defendant entered his guilty plea.

The date of Indictment was November 18, 2008.  (Doc. No. 11.)  Petitioner's trial commenced on July 20, 2009.  (Doc. No. 117.)  This period of time encompasses 244 days. Petitioner's first Motion for Continuance was filed on December 10, 2008.  This Motion resulted in the Court holding several hearings and setting a new trial date of April 1, 2009.  The time period from December 10, 2008 to April 1, 2009 is excludable time. Because Defendant also filed a Motion to Suppress Evidence in the interim, excludable time ran an additional two days to

7

April 3, 2009, when the Motion was denied. Also during this time period, on March 26, 2009 Defendant filed another Motion to Continue trial. This Motion resulted in the Court setting a new trial date of June 29, 2009. The time period from March 26, 2009 to June 29, 2009 is also excludable time. On June 23, 2009, Defendant made a final oral Motion to Continue the trial, which was granted and a new trial date of July 20, 2009 was set. The time between that Motion and the trial are also excludable time for Speedy Trial purposes.

Under any analysis of the periods of delay, excludable time exists under the Speedy Trial Act from December 10, 2008, when Defendant filed his first motion seeking a trial continuance to July 20, 2009, when trial commenced. The only period of time that falls within the seventy day period is from November 18, 2008, the date of indictment, to December 10, 2008, when the first Motion to Continue the trial was filed. This period of time is twenty-two days. The balance of excludable time results from the filing of the numerous motions to continue the trial date, to suppress evidence, to withdraw as counsel, to inspect documents and objects, to compel disclosure of the identity of confidential informants and to compel discovery. Given these filings and the events in this case to July 20, 2009, the Court carefully balanced during this time period the best interest of the public and Petitioner in a speedy trial and throughout made speedy trial rulings in the record, orally or in writing, consistent with the requirements of 18 U.S.C. § 3161(h)(1)(D) and (h)(7)(A) cited above. Throughout the entire trial period, the Court monitored the speedy trial requirement and ruled that in the interest of justice the defense motions to continue the trial were warranted and that the filing of pretrial motions all created excludable time. Consequently, given all the excludable time, Defendant was brought to trial and entered his guilty plea within the seventy day period. The Speedy Trial Act requires this result,

excluding any time of permissible delay. Petitioner was brought to trial within this time period and no violation of the Speedy Trial Act occurred.

### B. Ineffective Assistance of Counsel

In Petitioner's 2255 Motion, he contends that his first attorney, Joseph Santaguida, did not provide "any assistance to [Petitioner] whatsoever," in particular by failing to timely make a speedy trial objection. (Doc. No. 156 at 25.) Petitioner also claims that he was "constructively denied the assistance of counsel" by the Federal Defender, which was appointed as counsel for Petitioner after Santaguida withdrew as counsel. Specifically, Petitioner contends "he was misled into believing that [an attorney from the Federal Defender] was his attorney and, therefore represented his interest." (Doc. No. 156 at 5.)

First, the Sixth Amendment of the United States Constitution guarantees a defendant effective assistance of counsel. See United States v. Galan, No. 06-0044, 2007 WL 656682 (E.D. Pa. Feb. 27, 2007). To demonstrate a violation of the right to effective assistance of counsel, Petitioner must show: 1) that his "counsel's performance was deficient" and 2) that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, Petitioner must demonstrate that his counsel's representation fell below an "objective standard of reasonableness." Id. However, there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Essentially, Petitioner must show that the challenged action cannot be considered "sound trial strategy." Id. Under the second prong, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in

9

the outcome." Id. at 694.

To prove deficient performance, a defendant "'must show that counsel's representation fell below an objective standard of reasonableness . . . . The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" Ross v. Dist. Attorney of the Cnty. Of Allegheny, 672 F.3d 198, 210 (3d Cir. 2011) (quoting Harrington v. Richter, 131 S. Ct. 770, 787 (2011)). In analyzing whether counsel comported with professional standards, a court should be "highly deferential," "'indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 688-89). To prove prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (quotation and citation omitted).

Here, the record does not support Petitioner's allegation that Santaguida provided Petitioner with ineffective assistance of counsel. On the contrary, before his withdrawal, the record shows that motions were filed by Santaguida and he consulted with Petitioner frequently. (See Docs. Nos. 23, 24.) Most importantly, as noted above, there was no violation of the Speedy Trial Act and therefore no action of Santaguida fell below required standards or in any way prejudiced Petitioner. Therefore, Petitioner's ineffective assistance of counsel claim is meritless.

After Santaguida was relieved of his representation of Petitioner, the Court appointed the Federal Defender to represent Petitioner. Susan Lin, Esquire, of the Federal Defender entered her

appearance and represented Petitioner in this case. David Kozlow, Esquire, of the Federal Defender, is also counsel of record. He is listed on the docket as counsel for Petitioner, worked on the case, filed motions and attended hearings.[4] Apparently, Kozlow inadvertently did not file an entry of appearance form as required under E.D. Pa. Local Criminal Rule 44.1. This omission is harmless because E.D. Pa. Local Criminal Rule 1.2 states that E.D. Pa. Local Civil Rule 5.1 applies fully to criminal cases. E.D. Pa. Local Civil Rule 5.1(a) provides that "[t]he filing of a pleading, motion or stipulation shall be deemed an entry of appearance." Thus, Kozlow entered his appearance when he signed and filed pleadings on behalf of Defendant. In any event, Petitioner does not demonstrate any prejudice stemming from his representation by the Federal Defender in this case. Kozlow was a highly regarded and experienced lawyer who Petitioner regarded as his counsel along with Susan Lin, Esquire, also a lawyer with the Federal Defender.

Representation of a defendant by multiple members of a public defender's office does not violate a defendant's right to counsel. Siers v. Ryan, 773 F.2d 37, 44 (3d Cir. 1985). The record shows not only that Kozlow was adequately prepared to represent Petitioner, but that Petitioner was satisfied with his representation. (Doc. No. 142 at 12.) Therefore, Petitioner's claim of ineffective assistance of counsel by David Kozlow, Esquire, is similarly meritless.

**C. Evidentiary Hearing**

Whether an evidentiary hearing is required on a 2255 Motion is within the sound discretion of the district court. Forte, 865 F.2d at 62. In exercising that discretion, the district court must accept as true the defendant's factual allegations unless they are clearly frivolous on

---

[4] Kozlow filed proposed jury instructions, verdict slip and voir dire. (Docs. Nos. 85, 86, 87.) On June 23, 2009, he filed the unopposed motion for continuance of trial. (Doc. No. 91.)

the basis of the existing record. Id.; Gov't of Virgin Islands v. Bradshaw, 726 F.2d 115, 117 (3d Cir.), cert. denied, 469 U.S. 829 (1984). But when the record affirmatively indicates that a claim for relief is meritless, the district court need not hold an evidentiary hearing. United States v. Dawson, 857 F.2d 923, 927 (3d Cir. 1988). Further, mere conclusory allegations, without more, do not entitle Petitioner to an evidentiary hearing. Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991).

For reasons discussed above, the Court finds that Petitioner's claims of a violation of the speedy trial requirement and ineffective assistance of counsel are without merit and thus will deny the request for an evidentiary hearing.

**D. Certificate of Appealability**

According to the Third Circuit Local Appellate Rule ("L.A.R.") 22.2, the application for a certificate of appealability should be made to the district court. L.A.R. 22.2 provides:

> At the time a final order denying a petition under 28 U.S.C. § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge shall state the specific issue or issues that justify the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report. . . .

If a district court denies a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the petitioner is prohibited from appealing to the Court of Appeals unless he obtains a certificate of appealability. 28 U.S.C. § 2253. A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A mere allegation of a constitutional wrong, such as deprivation of the right to effective counsel, is insufficient; the petitioner must make a substantial showing of

such an error in order to present an appeal. Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

For reasons discussed above, Petitioner has failed to make a substantial showing of any constitutional error. Therefore, a certificate of appealability will not be issued.

## V. CONCLUSION

For the foregoing reasons, the Court will deny both Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct [a] Sentence by a Person Held in Federal Custody, and Petitioner's request for an evidentiary hearing. A certificate of appealability will not be issued.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM FLORENCE | : | CIVIL ACTION |
| Petitioner, | : | NO. 11-7571 |
| v. | : | |
| | : | RELATED TO |
| UNITED STATES OF AMERICA | : | No. 2:08-cr-697 |
| Respondent. | : | |

# **ORDER**

**AND NOW,** this 23rd day of January 2013, upon consideration of Petitioner William Florence's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct [a] Sentence by a Person in Federal Custody (Doc. No. 1 of 11-7571 and Doc No. 156 of 2:08-cr-697), and the Government's response thereto, it is hereby **ORDERED** that the Petitioner's Motion (Doc. No. 1 of 11-7571 and Doc No. 156 of 2:08-cr-697) is **DENIED WITHOUT A HEARING**. This Court finds that Petitioner has failed to make a substantial showing of a denial of a constitutional right and accordingly a certificate of appealability will not be issued.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.